UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LILLO, | ) | CASE NO. 1:16-cv-1841 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff Roberto Lillo ("Lillo" or "plaintiff") for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. No. 21 ["Mot."].) The Acting Commissioner of Social Security ("Commissioner" or "defendant") filed a brief in opposition (Doc. No. 22 ["Opp'n"]) and plaintiff filed a reply (styled as a "response") (Doc. No. 23 ["Reply"]). For the reasons discussed herein, the motion is granted.

## I. BACKGROUND

Lillo filed the instant action on July 21, 2016, seeking review of the Commissioner's denial of his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381, *et. seq.* (Doc. No. 1.) On June 29, 2017, the assigned magistrate judge issued a Report and Recommendation (Doc. No. 17 ["R&R"]) that "the decision of the Commissioner as a whole is not supported by substantial evidence[,]" and "fails to articulate good reasons, supported by evidence in the case record, for not giving greater weight to treating

psychiatrist Dr. Hill's opinions." (*Id.* at 718.[1]) On July 17, 2017, the Court adopted the R&R's unopposed[2] recommendation that the case be remanded "for a fuller explanation of the weight given to the opinions of the treating psychiatrist . . . and the reasons for such determination." (*Id.*; *see also* Order of Remand, Doc. No. 19; Judgment Entry, Doc. No. 20.)

Lillo moves for attorney fees in the amount of $7,420.63, representing 40.5 hours of service provided by Attorney Louise Mosher (28.75 hours at an hourly rate of $182.50 and 11.75 hours at an hourly rate of $185.00). He also supplies a copy of the fee agreement with his attorney, assigning any EAJA award to the attorney. The Commissioner opposes the request, arguing that the government's position during the administrative proceedings was substantially justified.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing social security plaintiff's attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 556, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).

Defendant's opposition to the motion includes no challenge to plaintiff's prevailing party status, or to the number of hours or the hourly rate(s), or to the total fees sought. Defendant's only argument is that fees should not be awarded because the government's position was "substantially justified," which requires a showing that it was "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] The Commissioner filed a document stating that she would "not be filing objections to this Honorable Court's Report and Recommended Decision." (Doc. No. 18.)

2

(citations omitted). A position can be justified "even though it is not correct, and … can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566, n.2. "Remand 'alone,' which occurs when the ALJ's decision was not 'supported by substantial evidence,' does not necessarily require an award of fees because the remand standard is not the equivalent of a finding that the government's position was not substantially justified." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (citing *Couch v. Sec'y of HHS*, 749 F.2d 359, 360 (6th Cir. 1984)). Defendant bears the burden of establishing that her position was substantially justified. *Irizarry v. Colvin*, No. 1:13-cv-02161, 2015 WL 3755978, at *3 (N.D. Ohio June 16, 2015) (citations omitted). "Plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden[.]" *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008).

Defendant argues that, "although the Court ultimately disagreed with the ALJ's rationale for assigning less weight to the treating psychiatrist's opinion, there was a logical nexus between the ALJ's findings and conclusions." (Opp'n at 742.) In support, defendant argues that there were "many more [record] references to activities that contradicted the limitations assessed by Dr. Hill[]" than were included by the ALJ. (*Id.*) Defendant's argument, however, begs the question -- given all those "many . . . references," why did the ALJ fail to include them when articulating reasons for the ultimate decision to discount the treating psychiatrist's opinion? The ALJ had a duty to do so, in order to permit a meaningful review of the ALJ's application of the treating physician rule. *Johnson-Hunt v. Comm'r of Soc. Sec.*, 500 F. App'x 411, 419 (6th Cir. 2012) ("the treating physician rule is a substantial right that 'provides claimants with an important procedural safeguard,' and restricts the SSA's ability to 'relax or disregard the rule in an ad hoc fashion.'" (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007)). The Commissioner

3

was, in effect, asking this Court to validate the denial of benefits without following her own rules for explaining such denial. The failure in that regard resulted in a decision that was not only unsupported by substantial evidence but was also not "substantially justified" within the meaning of the EAJA. The Court, therefore, concludes that plaintiff is entitled to an EAJA award.

As already noted, defendant does not challenge the hours, the rate(s), or the total amount of fees sought. The Court, nonetheless, has the duty to examine the request for reasonableness. 28 U.S.C. § 2412(d)(2)(a) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees").

Documentation submitted by plaintiff's counsel shows a total of 40.5 hours of legal services performed by counsel between October 26, 2016 and March 14, 2017, including the typical legal services of analyzing the ALJ's decision, reviewing the administrative record, and drafting briefs and other required filings. The Court finds the nature of these legal services to be reasonable. As to the number of hours expended, the Court notes that 19.5 of these hours were devoted to drafting the statement of facts and briefing the three issues ultimately presented to the Court. Although, for an attorney with plaintiff's counsel's experience,[3] this seems slightly excessive, the Court has examined the opening merits brief, which was 25 pages long, and is satisfied that the hours spent were justified, especially given the importance of that brief in setting forth plaintiff's challenges to the Commissioner's decision.

The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The two billing rates of

---

[3] Plaintiff's counsel's affidavit represents that she has practiced law for 42 years, was an adjunct law professor in the field of workers' compensation for many years, has been a frequent lecturer on the topic of social security disability benefits, and has represented thousands of individuals at all administrative levels. She also represents that her current hourly rate is $350/hour. (Mosher Aff., Doc. No. 21-2.)

counsel in this case are an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.'") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase). The Court concludes that the hourly rates of $182.50 and $185.00 are both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). Therefore, the Court will award $7,420.63 (28.75 hours at $182.50/hour and 11.75 hours at $185.00/hour).

Although, when EAJA fees are granted, payment is typically made to the plaintiff, not to the attorney, here plaintiff has supplied an assignment of EAJA fees that permits payment to the attorney, with proper setoffs in place. (*See* Doc. No. 21-4.)

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to generate an invoice for the balance that directs the Department of Treasury to pay that balance to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and her counsel. *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010) (holding that EAJA fees are payable to the plaintiff and are subject to setoff if the plaintiff has outstanding federal debts and recognizing that the payment could be made directly to a plaintiff's attorney only in cases where the plaintiff both owes no debt to the government and had assigned any right to EAJA fees to the attorney).

## III. CONCLUSION

For the reasons set forth herein, plaintiff's application for EAJA attorney fees (Doc. No. 21) is granted. The Court will, by separate order, enter an award of $7,420.63, pursuant to 28 U.S.C. § 2412(d) and subject to the provisions of *Astrue, supra*.

**IT IS SO ORDERED**.

Dated: November 15, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**